IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NELSON A. PEREZ,**

    **Petitioner,**

    v.                                                   Case No. 2:04-cv-980
                                                                   JUDGE FROST
**JEFFREY WOLFE, Warden,**                 MAGISTRATE JUDGE KEMP

    **Respondent.**

                                                                   CASE NO. 2:05-cv-00071
                                                                   JUDGE FROST
                                                                   MAGISTRATE JUDGE KEMP

**OPINION AND ORDER**

    Petitioner, a state prisoner, brings these actions for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Both of these actions involve the same state court convictions. Because proceedings were still pending in petitioner's first habeas corpus petition on January 21, 2005, when he filed his second habeas corpus petition, this Court construes petitioner's second habeas corpus filing as a motion to amend his petition. *See Ching v. United States*, 298 F.3d 174, 175 (2nd Cir. 2002). Respondent's motion to dismiss petitioner's second habeas corpus petition as successive therefore is **DENIED**.

    These cases are hereby **CONSOLIDATED** for review by this Court.

    For the reasons that follow, petitioner's objections are **OVERRULED**. Claims one and two of the petition are **DISMISSED**.

    Petitioner's request for an extension of time to file a traverse regarding the remainder of his claims is **GRANTED**. Petitioner may file his traverse within twenty (20) days of the date of this

order.

## I. PROCEDURAL HISTORY

The procedural history of this case is set forth in the Magistrate Judge's *Report and Recommendation,* filed on June 9, 2005. Briefly, on April 4, 2003, while represented by counsel, petitioner pleaded guilty in the Licking County Court of Common Pleas to four counts of burglary with firearm specifications. He was sentenced to an aggregate term of five years incarceration. Petitioner never filed a timely appeal, and his January 6, 2004, motion for delayed appeal was denied by the state appellate court for failure to establish sufficient cause for the untimely filing. The Ohio Supreme Court dismissed petitioner's appeal as not involving any substantial constitutional question. On October 8, 2003, petitioner filed with the state trial court a motion to withdraw his guilty plea and a post conviction petition. In that action, he asserted the ineffective assistance of counsel due to his attorney's failure to file a motion to suppress his statements to police as involuntarily made, and because, he alleged, his attorney had given him erroneous advice by informing him that he would be sentenced to one year incarceration if he pleaded guilty. Additionally, petitioner asserted that his statement to police was coerced with promises of immunity, and threats. Exhibit I to Return of Writ. On November 25, 2003, the trial court denied petitioner's motion. Petitioner attempted to file a timely appeal of the trial court's decision; however, on July 6, 2004, the state appellate court dismissed petitioner's appeal without considering the merits of his claims because his appeal had been improperly filed. *See* Exhibit O to Return of Writ. On December 1, 2004, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Perez*, 104 Ohio St.3d 1408 (2004).

On April 18, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of

the Constitution of the United States based upon the following grounds:

>  1. Petitioner was denied due process and equal protection of law in violation of the U.S.C.A. Const. Amend. 14 and 5.
>
>  Respondent denied petitioner leave to file a delayed appeal pursuant to Ohio Rules of Appellate Procedure, Rule 5(A).
>
>  2. Petitioner was denied due process and equal protection of the law in violation of U.S.C.A. Const. Amend. 14, 5, and 6.
>
>  Respondent and trial attorney failed to inform petitioner of his appellate rights by failing to inform him that he had a right to appointed counsel on his appeal of right and counsel failed to inform him that appealable issues were present in his case.

On January 21, 2005, petitioner filed a second habeas corpus petition, which this Court construes as an amendment to his petition, to include the following additional claims:

>  3. Petitioner was denied due process and equal protection of the law in violation of U.S.C.A. Const. Amend. 14 and 5.
>
>  Respondent failed to file findings of fact and conclusions of law and denied petitioner due process of law by failing to follow state law procedure.
>
>  4. Petitioner was denied equal protection and due process of law in violation of the Fourteenth Amendment.
>
>  Petitioner was denied access to the court when his appeal was dismissed on a technicality.
>
>  5. Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment to the U.S. Const.
>
>  Appointed counsel failed to file a motion to suppress statements made in violation of *Miranda v. Arizona*.

It is the position of the respondent that claims three and four are not appropriate for federal habeas corpus review, and that claim five is barred by virtue of petitioner's guilty plea and also procedurally defaulted.

3

## II.  CLAIMS ONE AND TWO

On June 9, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that claim one be dismissed as inappropriate for federal habeas corpus review, and that proceedings in this action be stayed so that petitioner could exhaust state court remedies as to his claim of ineffective assistance of counsel by filing a delayed post conviction action in the state courts pursuant to O.R.C. §2953.23.  Petitioner has filed objections to the *Report and Recommendation.* Petitioner asserts that it would be futile for him to pursue a delayed post conviction action in the state courts.  Additionally, petitioner argues that this case is analogous to *Wolfe v. Randle,* 267 F.Supp.2d 743 (S.D. Ohio 2003), and that he therefore should not be required to pursue any further state action regarding his claim of ineffective assistance of counsel.  Finally, petitioner contends that somehow the amendment to his petition (Case No. 2:05-cv-00071) may establish that he has, in fact, exhausted state court remedies as to all of his claims.  *See Objections*.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* that are objected to.  For the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections on claim one are **OVERRULED.**

In claim two, petitioner asserts that he was denied due process because neither the trial court nor his attorney advised him regarding his right to appeal.  Additionally, petitioner asserts that he was denied the effective assistance of counsel due to his attorney's failure to advise him of his right to appeal, his right to appointed counsel on appeal, and counsel's failure to advise petitioner regarding any appealable issues in his case.

As noted in the Magistrate Judge's *Report and Recommendation*, although petitioner asserted as cause for the untimely filing of his appeal that he had not been advised of his right to appeal,

petitioner's allegation of ineffective assistance of trial counsel has never been presented to the state courts. Additionally, such claim may still be presented in a delayed post conviction action pursuant to O.R.C. §2953.23.[1] However, Ohio courts strictly construe the provisions for filing a delayed or successive petition for post conviction relief. This Court recognizes that it is highly unlikely that the Ohio courts will consider the merits of petitioner's claim under the circumstances presented. Additionally, review of the record reveals that petitioner's ineffective assistance of counsel claim is plainly without merit. Therefore, in view of the foregoing, and because petitioner has objected to a stay of proceedings,[2] in the interests of judicial economy, this Court will address the merits of

---

[1] O.R.C. 2953.23 provides in relevant part:

[A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:

(1) Either of the following applies:

(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

[2] Respondent did not raise the issue of exhaustion.

claim two.³

> Because the "exhaustion" requirement is not jurisdictional, and the principles of comity and federalism which undergird that prerequisite are not offended by a federal court's refusal to grant habeas relief against a state by *rejecting* an unexhausted claim on its merits, federal judges possess the discretionary authority to *deny* unexhausted habeas claims on their merits to avert the purposeless future litigation, in the state courts, of substantively ill-conceived contentions. 28 U.S.C. § 2254(b)(2); *Granberry v. Greer,* 481 U.S. 129, 135, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987); *O'Guinn v. Dutton,* 88 F.3d 1409, 1412 (6th Cir.1996) (*en banc*) (*per curiam*); *Rockwell v. Yukins,* 217 F.3d 421, 423 (6th Cir.2000).

*Linger v. Akram,* 23 Fed.Appx. 248, unpublished, 2001 WL 1136040 (6th Cir. September 19, 20

The Constitution does not require the states to grant appeals of right, but if a state institutes the right to appeal a criminal conviction, the procedure used "must comport with the demands of Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey*, 469 U.S. 387, 383 (1985). Additionally, a criminal defendant is entitled to the right to counsel on his first appeal. *Douglas v. California,* 372 U.S. 353, 356 (1963). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings

*Strickland v. Washington, supra,* 466 U.S. 668, 687 (1984).

---

³ The Court need not consider petitioner's argument that pursuit of state court remedies would be futile.

> An attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea. *Marrow v. United States*, 772 F.2d 525, 527 (9th Cir.1985); *Carey v. Leverette*, 605 F.2d 745, 746 (4th Cir.) (per curiam), *cert. denied*, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979); *cf. Barber v. United States*, 427 F.2d 70, 71 (10th Cir.1970); *Crow v. United States*, 397 F.2d 284, 285 (10th Cir.1968) (sentencing court has no duty to advise of right to appeal on guilty plea). Failure to notify the defendant of this limited right is not in itself ineffective assistance. *Marrow*, 772 F.2d at 527; *Carey,* 605 F.2d at 746.
>
> Normally, when a defendant pleads guilty, he has foreclosed his right to appeal. *Marrow*, 772 F.2d at 529. If a claim of error is made on constitutional grounds, which could result in setting aside the plea, or if the defendant inquires about an appeal right, counsel has a duty to inform him. *Id*. at 528. Laycock signed this plea agreement indicating that he understood that it constituted a waiver of his right to appeal. There is no indication that counsel should have known of other grounds for appeal. The claim fails.

*Laycock v. State of New Mexico*, 880 F.2d 1184, 1188 (10th Cir. 1989); *see also Micale v. Village of Boston Heights,* 113 F.3d 1235, unpublished, 1997 WL 225512 (May 1, 1997).

In *Wolfe v. Randle, supra*, the United States District Court for the Southern District of Ohio, Western Division, granted a petition for a writ of habeas corpus where, after the defendant's guilty plea, his motion for delayed appeal was denied as untimely and there was no indication that he had been advised of his right to appeal. The Court in *Wolfe v. Randle* reasoned as follows:

> [D]ue process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights. *Cf. Peguero v. U.S.*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18; *White v. Johnson*, 180 F.3d 648, 652 (5th Cir.1999). The Supreme Court has addressed the procedural requirements for indigent defendants in the appellate process on several occasions. In *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Court held that an indigent defendant is entitled to a transcript in order to pursue an appeal. The Court later held that indigent defendants had a right to counsel on their first appeal, *Douglas v. California*, 372 U.S. 353, 365-57, 83

S.Ct. 814, 9 L.Ed.2d 811 (1963), and that all defendants have the right to effective assistance of appellate counsel, *Evitts v. Lucey*, 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The right of notice is more fundamental than the rights previously guaranteed by the Supreme Court. Precedent therefore dictates that failure to inform an indigent defendant of their appellate rights violates due process. Respondent further notes that a defendant is not necessarily denied a constitutional right when a state court denies a request for a delayed appeal. However, due process rights are implicated when a delayed appeal is the result of a lower court's failure to ensure that an indigent defendant's appellate rights are protected.

\*\*\*

The Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir.2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir.1970)). The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States,* 772 F.2d 525, 530 (9th Cir.1985). The decision to appeal is not the determination of defendant's lawyer. *Id.* In order to make such a decision, the defendant must have knowledge about the appeals options available to him. *United States ex rel. Smith v. McMann,* 417 F.2d 648, 654 (2d Cir.1969), *cert. denied,*397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970) (construing *Douglas v. California* as imposing on a state "a duty to warn every person convicted of a crime of his right to appeal⋯the right to appeal at the expense of the state is a mere illusion if the convicted indigent defendant does not know such a right exists."); *State v. Sims,* 27 Ohio St.2d 79, 272 N.E.2d 87, 91 (1971) (finding that "in the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal⋯it was error for the Court of Appeals to dismiss the motion for leave to appeal without making such a factual determination.")

In order to be properly informed, a defendant must be told of his right

8

> to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *White,* 180 F.3d at 652 (5th Cir.1999), *Norris v. Wainwright,* 588 F.2d 130, 135 (5th Cir.), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979) The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan,* 507 F.2d 273, 275 (6th Cir.1974), *cert. denied,* 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975). Further, a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights. *Peguero,* 526 U.S. at 29-30, 119 S.Ct. 961(citing *Soto v. U.S.,* 185 F.3d 48, 54 (2d Cir.1999)).

*Wolfe v. Randle, supra,* 267 F.Supp.2d at 746-48. However, the prisoner in *Wolfe v. Randle, supra*, did not raise any claim of ineffective assistance of counsel. *See id.*, at 746. Further, the case was based upon "the complete failure of the court or counsel to inform Petitioner of his right to appeal." *Id.*, at 748. Here, in contrast, petitioner signed a guilty plea agreement indicating that he had been advise of his right to appeal, and of the time limit for filing an appeal:

> I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal by me must be filed within thirty (30) days of my sentence.

Exhibit B to Return of Writ. In view of the foregoing, petitioner's allegation that he was not so advised is simply incredible.[4]

In view of all of the foregoing, this Court concludes that claim two is without merit.

### III.

In view of all of the foregoing, respondent's motion to dismiss petitioner's second habeas corpus petition as successive is **DENIED**.

---

[4] Petitioner's allegation that he was unaware of his right to appeal is further undercut in view of his argument before the Ohio Supreme Court that he had directed his attorney to file an appeal, but that his attorney failed to do so. *See* Exhibit G to Return of Writ. Petitioner does not raise such allegation here.

These cases are hereby **CONSOLIDATED** for review by this Court.

Petitioner's objections are **OVERRULED**. Claims one and two of the petition are **DISMISSED**.

Petitioner's request for an extension of time to file a traverse regarding claims three through five is **GRANTED**. Petitioner may file his traverse within twenty (20) days of the date of this order.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
United States District Judge